Leach, J.
On motion to strike from petition:
1. All reference to the alleged injury of January 15, 1923.
2. From Paragraph 7 of the petition which begins with the words: “Plaintiff further says that said John Sigenfuse filed,” and ends with the words, “he returned to work on January 31, 1923.”
The statute, Section 1465-82, General Code, as it existed on the date of the accident of January 15, 1923, was in substance as follows:
In case the injury causes death within the period of two years and in cases in which compensation on account of the injury has been continuous to the time of the death of the injured person and the death is the result of such original injury, the benefits shall be in the amount and to the persons following * * *.
John Sigenfuse is alleged in the petition to have died February 15, 1927.
This was not within two years from the date of the accident of January 15, 1923, nor had compensation on *247 account of that injury continued to the time of his death. Compensation for that injury terminated when he returned to work on January 31, 1923. Thereafter, by amendment of the statute, effective January 1, 1924 the words “or disability” were inserted after the word “compensation” in the statute.
The first injury happening January 15, 1923, before the change of the statute, and the death taking place February 15, 1927, after the change of the statute, does the unamended or the amended statute control in so far as the injury of January 15, 1923, is concerned?
In Industrial Commision v. Kamrath, 118 O. S., 1, it was held that:
“The provisions of the General Code relating to compensation of injured employes or the dependents of killed employes in force at the time the cause of action accrues are the measure of the right of such employes and dependents to participate in the state insurance fund,” and that:
“the cause of action of a dependent of a killed employe accrues at the time the employe dies from an injury received in the course of his employment.”
This case was however distinguished in Fisher v. Ohio Malleable Iron Co., decided December 6, 1933, [O. L. B. & R., 1-29-34]. The court there said:
“But this (referring to the holding in the Kamrath case) is by no means equivalent to holding that liability for the death caused by the injury dates from the time of the death only. The Ohio statutes make the injury the source of the action both for the employe and for his dependents in case of death. The Workmen’s Compensation act repeatedly contemplates a situation such as this where death arises from an injury. Thus in Section 1465-72, General Code the statute- speaks of payment to the employe ‘wheresoever such injuries have occurred, * * * or to their dependents in case death has ensued.” The right of the dependent does have its spu/rce in the injury which causes the death, even though it does not accrue until the time of the death. In like manner the liability of the self insurer has its source in and attaches at the time of the injury, and embraces every result which' fs caused by the injury including the death. This liability after it has once attached cannot be evaded by the employer’s changing his status.”
*248 If this reasoning be good, it may be as well said, by way of analogy, and to paraphrase- the last quoted sentence:
“This liability after it has once attached cannot be either diminished or increased.”
Again the court say:
“ * * * When the injury causes death, the source of the death is the injury, and from the standpoint of liability, the cause and the effect are inseparable.”
It is therefore the cause which gives rise to the liability, and in the court’s opinion the General Assembly cannot by subsequent legislation make a particular injury a cause for a greater liability than the liability flowing from the cause as then fixed by law. To do so would be retroactive legislation forbidden by Section 28 of Article II of the Ohio Constitution.
In Safford v. Insurance Co., 119 Ohio State, at page 335, the court in the opinion discusses such legislation:
“The definition of that term announced by Justice Story has been heretofore approved by this court in Rairden v. Holden, Admr., 15 Ohio St., 207, and Commissioners v. Rosche Bros., 50 Ohio St., 103.”
It is as follows:
“Every statute which takes away or impairs vested rights, acquired under existing laws, or creates a. new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective.” (Italics by the writer of this opinion.)
“A statute will not be given a retroactive construction by which it will impose Habilites not existing at the time of its passage.” 59 Corpus Juris, page 1172, Sec. 697. See also C. H. & D. R. R. Co. v. Hedges, 63 Ohio St., 339; State, ex rel. Durr, Auditor, v. Sprague, 91 Ohio St., 13; Executors of Eury v. The State, 72 Ohio St. 448.
Both branches of the motion to strike are sustained.